UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREI BIKMASOV,<br><br>                                    Petitioner,<br><br>v.<br><br>OTAY MESA DETENTION CENTER, WARDEN, et al.,<br><br>                                    Respondents. | Case No.:  26-CV-2517 JLS (DEB)<br><br>**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 11) |

Presently before the Court is Petitioner Andrei Bikmasov's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 11).  Also before the Court are Respondents' Response to Petition ("Ret.," ECF No. 12) and Petitioner's Traverse ("Traverse," ECF No. 13).  Petitioner, a native and citizen of Russia, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since June 2025.  Pet at 2.  Petitioner argues that he is entitled to release under *Zadvydas v. Davis*, 533 U.S. 678 (2001), as he has been detained for over eleven months and removal is not reasonably foreseeable.  *Id.*

Respondents submit that they were "unable to ascertain sufficient facts at this time to establish that there is a significant likelihood of removal in the reasonably foreseeable future," and thus, "acknowledge that Petitioner is entitled to be released from custody

1

subject to conditions of supervision." Ret. at 1. The Court finds that Petitioner is entitled to release. *See, e.g.*, *Azzo v. Noem*, No. 3:25-CV-03122-RBM-BJW, 2025 WL 3535208, at *3–4, 8 (S.D. Cal. Dec. 10, 2025) (granting release because there was not a significant likelihood of removal in the reasonably foreseeable future); *Gharakhan v. Noem*, No. 25-CV-02879-DMS-AHG, 2025 WL 3539161, at *2–3 (S.D. Cal. Dec. 10, 2025) (same); *Grishchenko v. Noem*, No. 25-CV-3514-JES-JLB, 2025 WL 3675070, at *2–3 (S.D. Cal. Dec. 17, 2025) (same).

Accordingly, the Court **GRANTS IN PART** the Amended Petition for a Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately release Petitioner from custody. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of her release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. The Parties are **ORDERED** to file a Joint Status Report by July 7, 2026, confirming that Petitioner has been released. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: June 16, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-2517 JLS (DEB)